Green, J.
delivered the opinion of the court.
It is certainly true, that if a guardian purchases property with his ward’s money, although he take the title in his own name, he does not thereby, acquire an absolute right to the ownership of it. He cannot reap a benefit from the use of his ward’s money. The advantage of any trade or purchase accrues to the benefit of the infant. 2 Kent’s Com. 229. But the ward, when he arrives at age, is not hound to regard the purchase, as for his benefit, and to take the property no obtained. It is his property, only at his election. If k,e elect to take the money he may do so, and the title to the property becomes absolute in his guardian.
In the case before us, Stokes, the ward, married when about nineteen years old, and received from his guardian, Jn money, much the larger proportion of his estate. He entered into business, and transacted his own affairs until he was of age. A few months after he became of age, he settled with his guardian, and although he spoke of his claim to the negroes, he waved his right and received the balance of his estate in money. This settlement, we think, constitutes an *180 election on the part of Stokes, to take the money and not the negroes.
It is true, the dealing of a guardian with a young ward, shortly after he becomes of age, is looked upon with suspicion, on account of the influence the guardian is supposed to exercise, and he will not be permitted to retain any advantage, he may have derived from such dealing. But the circumstances of the parties must be looked at in these, as well as all other cases, where the fact of imposition is to be inferred from their general relation to each other. We think that the acts of a young ward, just arrived of age, who has acted long for himself, who has not been under the immediate control of his guardian, and who is well acquainted with the description and value of his estate, are to be taken much more strongly against him than in cases where none of these means of resisting the influence of his guardian and preventing imposition exist. In this view of the case, we are of opinion, that Stokes’ retention of the money, paid him before he was of age, and receipt of the balance after he was of age, with a full knowledge of all the facts, having acted for himself for several years, removed, as he was, from the influence of his guardian, constitute an election to take the money and not the negroes, by which he is bound.
But if this were not so, the statute of limitations is a bar to his recovery. Caplinger has certainly held adversely to him ever since the settlement. He then claimed the negroes as his own, and resisted the claim set up by Stokes. This adverse holding for himself, with the knowledge of Stokes, puts an end to the relation of trustee and cestui que trust.
From the date of this settlement the statute of limitations commenced running, and ás this bill was not brought in three years from that time, the bar is formed.
The decree must be affirmed.